Crow, J.
This is a proceeding in error to reverse a judgment entered on a verdict in favor of defendant in the court of common pleas of Marion county^
The petition alleged and the evidence introduced in behalf of plaintiff tended to prove that plaintiff, his brother and another man arranged to go from the city of Marion, Ohio, in an automobile owned by plaintiff’s brother, to a certain point several miles distant, for the purpose of hunting frogs. The three men entered the automobile and commenced their journey, plaintiff’s brother continuously and exclusively driving the automobile from the time it started on its journey until it collided with an automobile owned by defendant and operated by the agent of the latter. Plaintiff was injured as a result of the collision, due to alleged negligence of the driver of defendants automobile.
There was no understanding that any of the occupants of the automobile in which plaintiff was riding, other than the owner, should or could have any control or right of control over the automobile, or over the owner in driving the same, and none of such occupants at any time participated or at-attempted to participate in the control of the automobile or of the owner in driving the automobile. Two men in addition to the three above referred to also rode a part of the distance covered by the journey, but their presence is of no moment.
Defendant’s answer was originally a general, denial, but during the trial an amended answer was filed, containing admissions of agency of the driver of defendant’s automobile, and'a denial of the other averments of the petition, and setting forth that at' the time plaintiff sustained his injuries h.e and the driver of the automobile in which he was riding were *505 engaged in a joint enterprise, and that plaintiff’s injuries were caused by the negligence of the driver of the automobile in which plaintiff was riding, directly contributing to the infliction of plaintiff’s injuries.
The trial court charged that if it was proved that when the collision occurred plaintiff was engaged in a joint enterprise while riding with the owner and driver of the automobile, plaintiff would be bound .by the acts of negligence on the part of said owner and operator, and that the negligent acts of the owner and operator of the machine in which plaintiff was riding, would be imputed to plaintiff. But that if plaintiff was not so engaged in a joint enterprise, and was a guest or passenger of the owner and operator of the automobile at the time plaintiff’s injuries were received, then plaintiff was bound only to exercise ordinary care for his own safety.
Whatever the rule may be in other states it is settled in Ohio, by repeated decisions of the supreme court, that the independent negligence of one person is not imputable to another person.
Facts may exist which show such a connection as will impose upon a person the consequences of the negligence of another person, but such a result rests on the relation of express or implied agency in the committer.
When it is claimed that contributory negligence depends on the agency which arises out of, or be -' cause of, a joint enterprise, the negligence must be directly connected with the subject of the joint enterprise.
If plaintiff in the case before us was engaged with the driver of the machine in which he was riding, in a joint enterprise, such joint enterprise did not a.t *506 any time relate to the driving of the automobile, for he merely rode with the driver and other occupants of the automobile.
Such joint enterprise, if that be a correct designation, was so remote from any negligence of the driver in driving the car that it could not by any process of reasoning be lawfully attributable to plaintiff, because, as already stated, the doctrine of imputed negligence does not prevail in Ohio.
There is no conflict between the views here expressed and the doctrine of the case of N. Y., C. & St. L. Rd. Co. v. Kistler, 66 Ohio St., 326, paragraph 8 of the syllabus, for in that case, as appears at page 343, the joint enterprise was in looking and listening for approaching trains. Toledo & Ohio Central Ry. Co. v. Fippin, Admr., 13 C. C., N. S., 125, and Cincinnati Traction Co. v. Wynne, Gdn., 25 C. C., N. S., 49.
The charge further asserts that plaintiff could not recover unless the negligence of the driver of defendant’s automobile was the proximate cause of plaintiff’s injury.
That is clearly erroneous, for the reason that if the driver of the car in which plaintiff was riding was negligent, and such negligence was, with the negligence of the driver of defendant’s car, the proximate cause of plaintiff’s injury, then plaintiff would be entitled to recover, unless barred by reason of contributory negligence. It is elementary that two or more persons may be guilty of actionable negligence for which the liability is joint and several, and, of course, it makes no difference that the driver of the car in which plaintiff was riding was not sued herein with defendant.
*507 The prejudice of the error of the trial court in this particular becomes readily apparent when it is borne in mind that plaintiff was thus denied the right to recover if the evidence proved his injuries to have been proximately caused by the concurrent negligence of both drivers of the vehicles, inasmuch as defendant by amendment to his answer, and in offering proof thereunder, made the negligence of the driver of the car in which plaintiff was riding an issue.
The judgment must be reversed and a new trial awarded for error in charging the matter of joint enterprise, and in restricting the right of recovery to the negligence of defendant only.

Judgment reversed, and cause remanded.

Warden and Chittenden (of the Sixth Appellate District, sitting in place of Hughes, J.), JJ., concur.