By the Court.
 

 The only ground of error presented in the Court of Appeals and in this court
 
 *449
 
 is the refusal of the trial court to direct a verdict in favor of the defendant. It is contended that no reasonable inference can be drawn from the evidence adduced that the injury of the plaintiff was the proximate result of the negligence charged. The negligence charged is that, when defendant, in the operation of its street car, brought the same to a stop, and caused the doors to be opened for the purpose of discharging and taking on passengers, and plaintiff, acting upon the invitation so presented attempted to board the same, the defendant, by and through its conductor, suddenly and abruptly, and without notice or warning to the plaintiff, caused said door to be closed and the step upon which the plaintiff was at the time standing to be raised, at the same time starting the car forward, thereby throwing plaintiff backward and causing him to lose his balance and to be thrown in front of an automobile operated over said street in the same direction as the street car was traveling, and thereby injuring him.
 

 Substantial evidence was presented tending to prove that the abrupt closing of the door, and simultaneous raising of the step and starting of the car, caused the plaintiff’s foot to slip off the step to the street and caused Mm to stagger backward toward the curb. In doing so the plaintiff passed in front of an automobile, which was closely following the street ear, and, as he says, got turned around, but before he could get to the curb another automobile closely following the first struck Mm.
 

 To justify a recovery in such case it is not essential that the defendant’s negligence be the sole cause of the injury, but, if the negligent act
 
 *450
 
 of the defendant, and the negligence of the driver of the automobile which struck the plaintiff, jointly constitute the proximate cause of plaintiff’s injury, a claim for recovery may be properly predicated upon the defendant’s negligence,
 
 Hocking Valley Ry. Co.
 
 v.
 
 Helber, Adm’r.,
 
 91 Ohio St., 232, 110 N. E., 481. The evidence tends to prove that the defendant’s negligent act precipitated the plaintiff into a place of extreme danger, from which he could not extricate himself in time to avoid injury, and that the injury was á consequence such as under the attending circumstances could have been foreseen as likely to follow the negligent act of the defendant. The evidence was such as to warrant an inference that the connection between the negligence of the defendant and the injury to the plaintiff was not merely casual, but was in a natural and unbroken sequence, without intervening efficient causes.
 

 It is our conclusion, therefore, that the trial court did not commit error in submitting the cause to the jury. It follows that the judgment of the Court of Appeals, affirming that of the court of common pleas, is affirmed.
 

 Judgment affirmed.
 

 Day, Allen, Robinson, Jones and Matthias, JJ., concur.