**TELLING BELLE VERNOON CO. V. KRENZ.**

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8324. Decided Sept. 17, 1928.

Davis, Young & Vrooman, Cleveland, for Telling Belle Vernon Co.

J. A. Cline, E. T. Carney and R. E. Roehm, Cleveland, for Krenz.

**SULLIVAN, P. J.**

The issues of fact we find were submitted to the jury and the record is clear that there was credible evidence to support a verdict.

It is claimed that the verdict is excessive and had its basis in passion and prejudice. It appears that the judgment was cut down to the extent of $5,000.00 by agreement but it does not appear that it was done because there were consessions that the verdict was based upon passion or prejudice, neither does it appear that it was because the court adjudged that the verdict was excessive because of passion and prejudice. Hence we look at the extent of the injuries to assist us in ascertaining whether the verdict is so excessive that it amounts to passion and prejudice in and of itself, and we have come to the conclusion that according to credible evidence in the record the injuries were of such a serious and permanent nature that the verdict as reviewed by the court does not seem unwarrantable or unreasonable according to credible evidence found in the record, although there is evidence of a contrary nature which leaves the facts in issue.

The wife it appears from the testimony, had no knowledge of the operation of the machine and that she was not in any manner undertaking to guide or control the driving of the automobile by her husband. She went with her husband involuntarily and assumed the same attitude on the trip as was natural for a person who had no knowledge of driving and could not drive herself. These circumstances left as a naked fact the mere relationship of husband and wife upon which to base a joint enterprise, and this fact is not sufficient in and of itself to give foundation to such a claim, as was held in **Railway Co. vs Barger, 10 O. A. 443.**

Now it is charged that the court committed error in not instructing the jury under this state facts, with respect to a joint enterprise.

In **Almendinger v. Moore, 15 O. A. 503,** the court overruled a motion to certify where this distinct question was raised and in an examination of Almendinger supra, it is clear that unless there was credible evidence in the record to show a joint enterprise, it is reversible error on the part of the court to charge that doctine of law.

Before negligence can be imputed, under the authorities in Ohio, as laid down in **East Ohio Gas Co. vs. O'Hara, 17 O. A. Rep. 352,** Syllabus 3, the parties engaged must be principals, each having control of the agents employed for the common purpose and the very relationship iteslf between them must be such as that logically the negligence of the one is imputable to the other.

On the assignment of error that there was contributory negligence on the part of the plaintiff herself, it will be seen from a review of the evidence in the case with respect to the plaintiff's conduct, and it is our judgement that there is no evidence of contributory negligence on her part because under the authorities cited they were not engaged in a joint enterprise.

We can only repeat what was asid in **Cleveland Railway Co. vs. Heller, 15 O. A.** 346, that it is not necessary for an occuoccupant of a machine owned and driven by another, to keep remonstrating or interfering with the driver or instructing the driver as to how the machine shall be operated.

Another assignment of error is that the bill of exceptions was signed, sealed and allowed by the trial court subsequent to the limit of time authorized by law.

It appears from the record that a bill of exceptions was presented in time to the trial judge. Objections thereto were filed within the time but it appears that the corrections and changes were not made until after the time had expired and then and thereupon the court signed the bill of exceptions and the cause is here upon that document.

Inasmuch as it is the trial court itself that has the exclusive right to say whether the bill of exceptions is correct or inaccurate, it follows that its truth or falsity lies with the trial court and the tral court alone.

Both counsel, in practical offect, have treated this bill of exceptions as the one before the court and it is a presumptivev fact from the record that the bill of exceptions was filed by the party making the complaint in error proceedings. Hence in the absence of a motion we treat the bill of exceptions as a proper one because the presumption is that it was corrected by the court to correspond to the facts after its presentation, before the expiraion of the time limit.

Vickery and Levine, J. J., cncur.