## SZABA v TABOR ICE CREAM CO

Ohio Appeals, 8th Dist, Cuyahoga Co
No 10806. Decided Oct 20, 1930

Anderson & Lamb, Cleveland, for Szabo.
J .R. Kistner, Cleveland, for Ice Cream Co.

**LEVINE, J.**

In the brief of counsel for defendant in error, we are informed that the trial court acted on the added ground that the accident was caused by the carelessness of the plaintiff's father. A perusal of the record fails to disclose any negligence on the part of Szabo, the driver of the truck in which the child was riding as a passenger. In his testimony he attempted to state on several occasions that he thought that the defendant's truck was moving when he first saw it a distance away. The court refused to let him make that statement. We are of the opinion that the court was in error, for the reason that in exercising judgment in the management of his truck, Szabo had to survey the surrounding circumstances. Since parking automobiles or trucks between the safety zones and the curb of any street is prohibited by ordinance, Szabo could rightfully assume that the truck would keep on moving. Every man has a right to assume obedience to law and ordinance. It was, therefore, in our opinion, quite competent for Szabo to have made that statement which the court excluded.

It appears, however, on cross-examination of Szabo, that this statement of Szabo to the effect that he thought a delivery truck of the defendant was moving, was permitted to remain in evidence. When Szabo came within some fifteen feet of the stationary truck of the defendant, parked as above stated, he found it necessary to turn to the left. He took reasonable precautions, according to his statement, by signalling with his hand to any vehicles coming to the rear of his truck of his intention to turn to the left. Apparently the automobile bearing the New York license plate gave no heed to his signal. It attempted to pass, struck the left front wheel of the Szabo truck and caused it to crash into the defendant's truck and the injuries to the plaintiff ensued.

We are called upon to delve into the mythical phrase "proximate cause". Generally speaking it means the nearest cause; the negligent act or omission but for which the injury would not have occurred. The intervention of a responsible human agency between the defendant's alleged wrongful act and the injury complained of, does not absolve the defendant from liability if his negligence and that of the intervening human agency co-operated in bringing about the injury.

The problem of indirect proximate causation, involving the intervention of voluntary human action between the defendant's act and the plaintiff's injury, arose in a case adjudicated by the Supreme Court in the State of Washington, Hadley vs. Scott, 241 Pac. 26 (Wash., 1925). The plaintiff, nearing a street intersection in her automobile, heard the approach of a fire truck. In obedience to a city ordinance, she immediately parked her car parallel to the right hand curb, to clear the street. The defendant's coal truck, coming at right angles to the fire engine, was negligently driven past the street line, and stopped at the center of the intersection. The driver of the oncoming fire engine, realizing that a collision was imminent, swerved suddenly to the right to avoid hitting the coal truck, and crashed into the plaintiff's car. Plaintiff brought suit to recover for the personal

and property damages suffered. The trial court ruled as a matter of law that the plaintiff was guilty of contributory negligence and submitted the question of the defendant's negligence, and whether or not that negligence was the cause of the accident, to the jury. Judgment on a verdict for the plaintiff was affirmed.

A marked change in economic conditions during the past two decades has presented difficult problems in proximate causation. The ever increasing number of motor trucks and automobiles, has overcrowded our streets and highways, and rendered more probable unpredictable accidents, caused by careless and negligent drivers. To meet these conditions, it seems essential to extend the liability of the wrongful actor beyond the confines of former rules, which, while possibly suitable at the time of their inception, are too narrow for modern law.

The case of The Village of Carterville vs. Samuel Cook, 128 Ill., 152, seems to us likewise in point. In that case it was held:

"If a person, while exercising due care for his personal safety, be injured by a combined result of an accident and the inadvertent or careless act of another, or the negligence of a city or village, and the injury would not have been sustained but for such negligence of the city or village, yet, although the accident or wrongful act of the third person be the primary cause of the injury, if it was such as common prudence could not have foreseen and avoided, the negligent city or village will be liable for the injury."

"So where a boy about fifteen years old, while, in the observance of ordinary care for his own safety, passing along a much used sidewalk of a village, was, by reason of the inadvertent or negligent shoving by one boy of another boy against him, jostled or pushed from the sidewalk at a point where it was elevated some six feet above the ground, and where it was unprotected by railing or other guard, and he was thereby seriously injured, it was held, that the village was liable to the party so injured, in damages, notwithstanding the primary cause of his injury was the act of the other boy."

In the opinion, on page 155, the court answers the argument of intervening independent cause in the following language:

"It is not perceived how, upon principle, the intervention of the negligent act of a third person, over whom neither plaintiff nor the defendant has any control, can be different in its effect or consequence, in such case, from the intervention therein of an accident having a like effect. The former no more than the latter breaks the casual connection of the negligence of the city or village with the injury. The injured party can no more anticipate and guard against the one than the other, and the elements which constitute the negligence of the city or village must be precisely the same in each case; and we have accordingly held, that where a party is injured by the concurring negligence of two different parties, each and both are liable, and they may be sued jointly or separately."

For the purpose of this motion we must assume that the defendant was guilty of a violation of the ordinance and hence negligent per se in causing its delivery truck to be parked near the curb between the safety zones and the curb of Superior Avenue. It is not improbable that, if the delivery truck belonging to the defendant had not been parked as it was in violation of the ordinance, the injury would not have occurred, as there would have been ample space for the Szabo truck to pass.

We will assume, for the sake of argument, that the driver of the automobile bearing the New York license tag was negligent when he attempted to pass despite the signal given by Szabo of his intention to turn to the left; that in striking the left front wheel of the Szabo truck and causing it to crash against the defendant's truck, it largely contributed to the injury. The act of the driver of the New York automobile would not in itself have been sufficient to cause the injury if the defendant's truck had not been stationed near the curb in violation of the ordinance. Unquestionably the intervention of the negligent act of the driver of the New York automobile had an important part in causing the injury to the plaintiff, but it is just as true that the violation of the ordinance on the part of the defendant in parking its delivery truck as it did in the place where it was, likewise had an important part in causing the injury. The injured party could no more anticipate and guard against the one than the other.

It has been universally held that where a party is injured by the concurring negligence of two parties, each and both are liable and they may be sued jointly or

separately. It seems to us if one took the defendant's truck out of the picture describing the incidents which led to the injury, that no injury would have been sustained by the plaintiff. The defendant's violation of the ordinance was at least as much a part of the cause of the injury as the negligence of the driver of the New York automobile. The negligence of two parties, therefore, co-operated in injuring the plaintiff, and a suit may be predicated against both jointly, or each separately.

We are of the opinion that the court committed error in directing a verdict at the conclusion of the plaintiff's evidence, and also that the court committed error in excluding the statement of Szabo that he thought when he first saw the defendant's truck that the same was moving.

The judgment is ordered reversed and the case remanded for new proceedings according to law.

Vickery, PJ, and Cline, J, concur in judgment.