CONOR, APPELLANT, *v.* FLICK ET AL., APPELLEES.

(Decided March 4, 1940.)

*Messrs. Heslip & Gibson,* for appellant.
*Mr. Milton C. Boesel,* for appellee, Harry Flick.

LLOYD, J.   The appellant, Edna Conor, appeals on questions of law from a judgment of the Court of Common Pleas in favor of Harry Flick, appellee. Her action was for personal injuries claimed to have been proximately caused by the negligence of Flick and Clarence R. Schassberger.  Schassberger, who lived in

Cleveland, was not served with summons and the trial proceeded as to Flick alone.

On July 19, 1937, at about 12:55 p. m., Flick was proceeding in his automobile easterly on Nebraska avenue in Toledo and Schassberger in his automobile was proceeding southerly on Division street. Flick testified that he was traveling at a speed of "25 to 30, possibly 28 miles an hour," and other witnesses said his speed was in excess of that. These streets, according to the petition of the appellant and the answer of the appellee intersect, and Flick, if proceeding in a lawful manner, had the right of way. At this intersection, these two automobiles collided. The Schassberger automobile "swerved and whirled around" over the curb onto the sidewalk at the southeast corner of these intersecting streets, colliding with and breaking a fire and police alarm box and the pedestal to which it was attached. The appellant, who had just left a grocery store at the corner, was thrown to the sidewalk and thereby injured. There were street railway tracks on both of these streets and the undisputed testimony is, to which counsel seem to have agreed, that both are main thoroughfares. For the purpose of this review, therefore, they may be so considered.

The theory of the petition of appellant is that Flick and Schassberger were joint tort-feasors and the trial proceeded on the issue thus made. The only alleged errors of sufficient moment to require consideration are that the court erroneously and to the prejudice of appellant, charged the jury on proximate cause and as to the applicability of Section 12603, General Code.

The trial judge submitted to the jury before argument special requests of appellant, of which the second stated the law correctly on the subject of proximate cause as applied to joint tort-feasors. The first requested instruction, if not incorrect, was at least ambiguous as a casual reading thereof makes apparent. It reads:

"Should you find that the plaintiff was injured, your verdict should be for the plaintiff if you also find that such injury was proximately caused by any negligence on the part of defendant Flick as alleged in the petition, together with any negligence on the part of Schassberger."

Schassberger's negligence, if he was negligent, must have proximately contributed to the appellant's injury —something more than "any negligence." Whether this request will bear that construction is a matter of opinion, and attention is called thereto that it may be clarified if the case is retried.

In stating the issues made by the pleadings, the court advised the jury that the appellant, Conor, "claims the right to recover because of the asserted negligence, and that therefore her right depends upon the question as to whether or not the defendant—this defendant Harry Flick—was negligent, and whether that negligence proximately contributed to the collision and her consequent injuries."

But in his instructions as to the law applicable thereto, the trial judge said:

"If you do find such negligence on the part of the defendant, you will proceed to inquire whether such negligence was *the proximate cause* of the injuries to the plaintiff as she complains, for the plaintiff must prove not only negligence on the part of the defendant but that such negligence was *the proximate cause* of the injury and damage."

He then said:

"By proximate cause is meant the direct cause, that is, the cause which by direct and natural sequence produced the injury in question. What was the real cause of the accident? Was the defendant guilty of negligence which proximately caused the injury? If you fail to find that the defendant was guilty of negligence which proximately caused the plaintiff's injury and

damages, then your verdict should be for the defendant.''

And two or three times thereafter he repeated the substance of the foregoing instructions.

. The time-honored definition of proximate cause is that it is that cause which, in a natural and continuous sequence, unbroken by any intervening cause, produces the injury and without which the injury would not have occurred.

The foregoing instructions of the trial court, as applied to the instant case, were erroneous, and to say the least, confusing and, therefore, prejudicial because if Flick was negligent, but his negligence was not the proximate cause of Mrs. Conor's injuries, but in conjunction with the negligence of Schassberger proximately contributed thereto, he still would be liable to her as a joint tort-feasor, there being no claim of contributory negligence on her part.

The Supreme Court has announced the rule applicable to joint tort-feasors in the case of *City of Piqua* v. *Morris,* 98 Ohio St., 42, 120 N. E., 300, the first paragraph of the syllabus whereof reads:

''The proximate cause of a result is that which in a natural and continued sequence contributes to produce the result, without which it would not have happened. The fact that some other cause concurred with the negligence of a defendant in producing an injury, does not relieve him from liability unless it is shown such other cause would have produced the injury independently of defendant's negligence.''

In the opinion of *Community Traction Co.* v. *Freeman,* 116 Ohio St., 448, 449, 156 N. E., 598, the Supreme Court, discussing proximate cause, says:

''To justify a recovery in such case it is not essential that the defendant's negligence be the sole [that is, the proximate] cause of the injury, but, if the negligent act of the defendant, and the negligence of the driver of the automobile which struck the plaintiff, jointly con-

stitute the proximate cause of plaintiff's injury, a claim for recovery may be properly predicated upon the defendant's negligence.''

In harmony with the foregoing, the fifth paragraph of the syllabus of *Wery* v. *Seff,* 136 Ohio St., 307, 25 N. E. (2d), 692, states that:

''When two or more persons, under circumstances creating primary accountability, directly produce a single, indivisible injury by their concurrent negligence, they are jointly and severally liable, even though there is no common duty, common design or concerted action.''

It is therefore conclusively apparent that the proximate cause of an injury may be the act or omission of one person or the proximately contributing acts or omissions of more than one, but in the last analysis, however many proximately contributing acts or omissions there may be, there can be but one proximate cause.

Section 12603, General Code, as in force on July 19, 1937, in so far as here important to quote, reads:

''It shall be *prima facie* lawful for the operator of a motor vehicle to drive the same at a speed not exceeding the following:

''Twenty miles per hour in the business or closely built-up portions of a municipal corporation.

''Thirty-five miles per hour in all other portions of a municipal corporation.

''Forty-five miles per hour on highways outside of municipal corporations.''

Instead of instructing the jury as to the applicability of the foregoing statute, the trial judge directed its attention to the statute as subsequently amended, 117 Ohio Laws, 398, instructing the jury that it, in part, reads as follows:

''No person shall operate a motor vehicle in and upon the public roads and highways at a speed greater or less than is reasonable or proper, having due re-

gard for the traffic, surface and width of the road or highway, and of any other conditions then existing, and no person shall drive any motor vehicle in and upon any public road or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead.

"It shall be *prima facie* lawful for the operator of a motor vehicle to drive the same at a speed not exceeding the following: * * * 20 miles per hour in the business or closely built-up portions of a municipal corporation, * * * 35 miles per hour on state routes or main thoroughfares within municipalities outside business portions.

"It shall be *prima facie* unlawful for any person to exceed any of the foregoing speed limitations."

The court then submitted to the jury for its determination whether the place of the occurrence was "in the business or closely built-up portion of the city of Toledo" and stated that, "Nebraska avenue is a main thoroughfare under the ordinances of the city of Toledo and under the statute which I have heretofore called your attention to; therefore, if you find the point where the collision occurred was outside of the business portions of the city of Toledo, a rate of speed of 35 miles per hour would be *prima facie* lawful and a rate of speed in excess of 35 miles per hour would be *prima facie* unlawful."

The undisputed evidence is that the place of collision was not only a closely built-up, but also a business portion of the city of Toledo, and the court should have so instructed the jury as a matter of law. *Community Traction Co.* v. *Konte*, 122 Ohio St., 514, 520, 172 N. E., 442, 444.

And as a corollary thereto, the jury should have been instructed that the *prima facie* lawful speed at which these automobiles might proceed at the place of the collision was 20 miles an hour and that a speed in excess thereof would be *prima facie* negligence. To

charge the jury as was done, constituted prejudicial error.

In stating the issues, the court read from the petition of appellant that part of the ordinance quoted therein relating to the *prima facie* lawful limitations of speed, the designation of Nebraska avenue and Division street as main thoroughfares and the fixing of the relative rights of way of vehicles approaching street intersections, stating "such ordinance, in part, is as follows." The answer of appellee denied the existence of the pleaded ordinance and by stipulation of counsel the only part thereof received in evidence was a counterpart of that portion of Section 12603, General Code, which concludes:

"No person shall drive any motor vehicle in and upon any public road or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead."

No reference, therefore, should have been made to any part of the ordinance not received in evidence, nor to the concluding part above quoted, unless its inapplicability to the instant case was made clear.

The court charged the jury on the ordinance and statutory provision as to driving an automobile at a greater speed than will permit its being stopped "within the assured clear distance ahead." The Supreme Court, in its *per curiam* opinion in *Blackford* v. *Kaplan*, 135 Ohio St., 268, at 272, 20 N. E. (2d), 522, 525, says:

"The doctrine of assured clear distance has no application to drivers of automobiles approaching an intersection on different intersecting roads under ordinary circumstances."

The evidence not disclosing any extraordinary circumstances, to so charge the jury, if not prejudicial in the instant case, was erroneous.

For the reasons given, the judgment of the Court of

Common Pleas is reversed and the cause remanded thereto for a new trial.

*Judgment reversed and cause remanded.*

CARPENTER and OVERMYER, JJ., concur.