**TROIETTO v. G. H. HAMMOND CO. et al.**

No. 7988.

Circuit Court of Appeals, Sixth Circuit.

March 13, 1940.

B. D. Nicola, of Cleveland, Ohio (A. R. Fiorette and Nicola & Horn, all of Cleveland, Ohio, on the brief), for appellant.

Ellis R. Diehm, of Cleveland, Ohio (W. N. Strack, of Chicago, Ill., and Klein & Diehn, Ellis R. Diehm, and Lester J. Farber, all of Cleveland, Ohio, on the brief), for appellee G. H. Hammond Co.

Morris, Leanza & Bernard, of Cleveland, Ohio, for appellees DiCamillo and Velardo.

Before HICKS, HAMILTON, and ARANT, Circuit Judges.

ARANT, Circuit Judge.

This is an appeal from an order directing a verdict in favor of appellees in a suit in which appellant sought to recover damages resulting from illness alleged to have been caused by his eating pork infected with Trichinella Spiralis, which appellees had negligently sold in violation of the Ohio Pure Foods Law. G.C. §§ 12760, 5774 and 5778. [1]

Appellee G. H. Hammond Company admits that it is a Michigan corporation engaged in wholesaling meats, and that it has a branch house in Cleveland, Ohio; and appellees DiCamillo and Velardo admit that they are partners and do business as retail grocers in Cleveland, under the name The N & P Market. They deny all of appellant's other allegations.

There was substantial evidence that, on August 19, 1935, at about 10:30 o'clock a. m., appellant, then a boarder in the home of Mrs. Luigia Mella, of Cleveland, was requested by her to go to The N & P Market, purchase on her account and have ground a pound each of fresh pork and beef; that appellant complied with her request; that she added eggs, salt, pepper and garlic to the meat and made it into balls about an inch thick, which she fried from six to eight minutes in oil and then served, with spaghetti, to appellant and members of her family for luncheon on the date aforesaid; that the four who ate meat balls became sick therefrom an hour or two afterward; that on August 22, three days after the meat was eaten, a physician was called; that he treated all of the persons affected and saw them each day thereafter until August 29th, when he diagnosed their illness as trichinosis; that the trichinella organism is found only in pork, and enters it only during the hog's life; that there is no known method of meat inspection that will reveal the presence of the organism, though it may be detected in a meat fiber by a microscopic examination; that it is killed and rendered harmless when the meat is frozen or sufficiently heated; that, when pork thus infected is consumed by a human being, without first having been frozen or sufficiently cooked, it causes the disease known as trichinosis, the symptoms and results of which were described by the physician who treated appellant; that, after the meat in question was eaten, appellant was ill in bed for a month, lost twenty-seven pounds in weight, suffered considerable pain for three or four months afterward, and was unable to work as he had prior to his illness.

At the conclusion of appellant's testimony, the court directed a verdict in favor of appellees on the grounds that the sale of the pork under the circumstances was neither negligent nor violative of the statutes of Ohio, and that the negligence that the court inferred on the part of Mrs. Mella in failing properly to cook the meat, which directly contributed to appellant's injury, should be imputed to him, because she was either his agent or in a joint venture with him.

We are of the opinion that the court erred in so directing the verdict.

There was evidence from which a jury might have inferred that appellant's injury was proximately caused by his eating the pork sold by appellees and that it was infect-

[1] § 12760. "Whoever sells, offers for sale or has in possession with intent to sell, diseased, corrupted, adulterated or unwholesome provisions without making the condition thereof known to the buyer, shall be fined not more than fifty dollars or imprisoned twenty days, or both."

§ 5774. "No person, within this state, shall manufacture for sale, offer for sale, sell or deliver, or have in his possession with intent to sell or deliver, a drug or article of food which is adulterated * * *."

§ 5778. "Food, drink, confectionery or condiments are adulterated within the meaning of this chapter * * * (5) if it consists wholly, or in part, of a diseased, decomposed, putrid, infected, tainted or rotten animal * * *."

ed when sold with the trichinella organism. This would leave only the element of negligence to be established.

The District Court's view, in substance, is that the sale of pork infected with trichinella is not a violation of the Ohio Pure Foods Law; that pork is so often thus infected it must be presumed that everyone knows it should be thoroughly cooked before it is safe and wholesome for human consumption; that, in consequence, none of the appellees were negligent; that, if the organisms were not killed, the inference is inevitable that Mrs. Mella was negligent; and that, in consequence, appellant was, in law, negligent also.

■ We are of the opinion that pork that is infected with trichinella is diseased within the meaning of the Ohio Pure Foods Law. Allen v. Marvin, 46 Wkly.Law Bul. 208, affirmed, 64 Ohio St. 608, 61 N.E. 1139. Its sale, even when the seller has no knowledge that it is diseased or infected, violates the statute and the seller is negligent in law. Allen v. Marvin, supra; Portage Markets Co. v. George, 111 Ohio St. 775, 146 N.E. 283; Great Atlantic & Pacific Tea Co. v. Hughes, 131 Ohio St. 501, 3 N.E.2d 415. Cf. Schell v. DuBois, Adm'r, 94 Ohio St. 93, 113 N.E. 664, L.R.A.1917A, 710.

■ When appellant's testimony was concluded, there was substantial evidence from which the jury could have found that appellant's illness was caused by his eating pork that was infected with trichinella when sold by appellees; and, under Ohio law, the court should have instructed the jury that if they found these facts appellees were negligent in law. See cases cited above. If appellees were thus negligent, it appears to be well settled, under Ohio law, that their negligence was the proximate cause of appellant's injury, even though another's negligence may have contributed thereto. Pennsylvania Railroad Co. v. Snyder, 55 Ohio St. 342, 45 N.E. 559, 60 Am. St.Rep. 700; Hocking Valley Railway Co. v. Helber, Adm'r, 91 Ohio St. 231, 110 N. E. 481; Community Traction Co. v. Freeman, 116 Ohio St. 448, 156 N.E. 598; Szabo v. Tabor Ice Cream Co., 37 Ohio App. 42,

174 N.E. 18. Cf. Neff Lumber Co. v. First Nat. Bank of St. Clairsville, Adm'r, 122 Ohio St. 302, 171 N.E. 327. See II American Law Institute's Restatement of the Law of Torts, §§ 431, 433 and 447.

Whether appellant was contributorily negligent remains to be considered.

■ The doctrine of imputed negligence does not ordinarily apply in Ohio; only when the negligent person is in fact agent of the other, or when they are engaged in a joint enterprise, is the doctrine applicable. Bloom v. Leech, 120 Ohio St. 239, 166 N.E. 137; Moore v. Almendinger, 15 Ohio App. 503.

■■ Ordinarily agency is not presumed. Robert Soutter & Co. v. Stoeckle, 6 Ohio Dec. Reprint 1054; 1 O.Jur. 63. And the burden of proving an agency is upon him who asserts it. Andrew v. Auditor, Hamilton County, 5 Ohio Dec. 242, 5 Ohio N.P. 123. A joint venture has been defined as an association of persons to carry out a single business enterprise for profit, for which purpose they combine their property, money, effects, skill and knowledge. 23 O.Jur. 330. Each participant therein is agent for each of the others. Bloom v. Leech, Adm'r, supra. And it is essential that each have control of the means employed to carry out the common purpose. Telling Belle Vernon Co. v. Krenz, 34 Ohio App. 499, 171 N.E. 357.

■ We are of the opinion that the District Court erred in holding that Mrs. Mella's negligence—if indeed she was negligent —is imputable to appellant. There is no evidence that she was his agent in fact or otherwise; nor do we believe they were engaged in a joint venture.

We do not assert that appellant could not have been contributorily negligent. If he had eaten uncooked pork, or if its appearance should have indicated to him that it was insufficiently cooked, the jury might have found that he was negligent. He cannot, however, be held negligent in law merely because his landlady was considered negligent.

The judgment of the District Court is reversed.