The State, ex rel. Goodwin, v. Blank, Judge.

(No. 1084—Decided June 18, 1956.)

*Mr. Howard Everett,* for relator.
*Mr. Roger D. Andrews,* for respondent.

*Per Curiam.* On April 5, 1956, the respondent, as Judge of the Municipal Court of Lima, Ohio, signed a journal entry of final judgment in the case of *J. Pearl Goodwin* (the relator herein), *plaintiff,* v. *R. R. Schryer and Old Colony Insurance Company, defendants,* and on the same day, the plaintiff therein filed her notice of appeal and a so-called bill of exceptions. Thereafter, on April 14, 1956, the defendant therein, Old Colony Insurance Company, filed objections to the bill of exceptions, which the trial court sustained on April 18. Thereafter, on April 24, 1956, plaintiff's (relator herein-) counsel discovered that the clerk of courts had inadvertently omitted attaching the exhibits as a part of the bill of exceptions.

Thereupon counsel for plaintiff therein refiled the bill of exceptions with the exhibits attached, and a motion that the court set a specific time for the settling of the bill of exceptions and an opportunity for plaintiff to play back the tape recording which was made at the time of trial and submit due proof to the court of the evidence adduced at the time of trial, so that after a complete examination of the bill of exceptions the trial judge could advise counsel or consult with counsel and make any suggestions as to correction, addition or subtraction from the bill of exceptions, which he deems advisable or proper, in

order to settle the same according to the true facts as established and the true happenings at the time of trial.

Thereafter, the court set a hearing on the motion for April 27, 1956, and on that day at the hearing thereon, the defendant therein, Old Colony Insurance Company, filed a motion to strike the bill of exceptions from the files for the reason that the so-called bill of exceptions was not based upon an official record or transcript of the trial of the case, inasmuch as the trial was not transcribed by a court reporter or stenographer. The court sustained the motion and refused to hear or listen to the play-back, overruled plaintiff's motion for a hearing thereon and refused to settle and allow the bill of exceptions. The present action in mandamus is the result of such refusal.

The evidence shows that the installation of the tape recording machine by counsel for plaintiff therein was with the court's knowledge; that it was at all times in plain view of the trial judge and opposing counsel; that there was no official court reporter present at the trial; and that there was no agreement between counsel or order of court that the tape recording machine was to take the place of an official court reporter.

The record further shows that the bill of exceptions was typed by an office secretary of counsel for plaintiff therein, and that the machine was delivered back to the trial judge either for his own use or so that counsel for plaintiff could play back any part or all of the proceedings in order to test the accuracy of the secretary's transcription or to prove that the bill of exceptions as prepared was a correct reproduction of the trial proceedings.

We believe the rule of law enounced by the Supreme Court of Ohio in *Beebe, Judge, v. State, ex rel. Starr Piano Co.,* 106 Ohio St., 75, 139 N. E., 156, is conclusive of the question thus presented.

In that case a Municipal Court Judge in the city of Cleveland was presented a bill of exceptions in narrative form, and the party seeking to appeal produced a stenographer who had taken notes of the trial. This stenographer was not an official stenographer appointed by the court but was in the employ of opposing counsel.

The court said at page 80:

"While a trial judge may not be required to prepare a bill of exceptions for a party, it was clearly the duty of the trial judge under the circumstances here presented to make an effort to determine the issues between the parties as to the correctness of the statements in the bill of exceptions presented. Surely it is the duty of a trial court to assist in securing and safeguarding the rights of a party litigant, even his right to prosecute error from that court's judgment.

"The relator in this action did not seek an order requiring the trial judge to allow and sign *the* bill of exceptions presented, but to proceed to correct the same, if incorrect, and, as corrected, to allow and sign it. Justice to the party requires a reasonable effort upon the part of the court to correct a bill of exceptions which is charged by the adverse party or claimed by the court to be an incorrect bill of exceptions.

"* * *

"It follows that the Court of Appeals did not err in the issuance of its writ of mandamus requiring the respondent to correct, and, thereafter, as corrected, to allow and sign such bill of exceptions, and if necessary to that end call to his aid for the purpose of refreshing his recollection the advices of counsel and the stenographer who acted as the reporter during the trial."

We hold it to be the duty of a trial judge to allow a bill of exceptions when presented to him, from his own memory if it is possible for him to do so, and, if this is impossible, to make use of every available medium to secure the necessary information, even if that involves the listening to a playback of a tape recorder, listening to a stenographer read from his notes, or conferences with counsel in the case.

We find no merit to the remaining contentions of respondent, including the argument presented that there is nothing officially before the trial judge for action, since he had previously ordered the bill of exceptions stricken from the files.

The writ is allowed as prayed for.

*Writ allowed.*

QUATMAN, P. J., MIDDLETON and YOUNGER, JJ., concur.