**BENNETT, Appellant, v. WILSON et, Appellees.**

Ohio Appeals, Tenth District, Franklin County.

No. 6393. Decided September 23, 1960.

Joseph E. Ducey, Columbus, for appellant.
Vorys, Sater, Seymour & Pease, Lane, Huggard & Alton, Columbus, for appellees.

## OPINION

By BRYANT, PJ.

Appellee has moved to strike the bill of exceptions because it allegedly was filed too late. So far as we can learn, appellant made his request for the bill in proper time. The official court reporter, appointed by the trial court, has filed an affidavit stating that she was ill and unable to make timely compliance with the request.

Appellant filed his notice of appeal ahead of the time required and contends that if the time is computed by taking the full periods for the filing of the notice of appeal and the time thereafter for the filing of the bill of exceptions, the latter will be within the rule.

As to this defense, we express no opinion. Appellee has cited decisions holding that there must be strict compliance with the rule as to the time for bills of exceptions, but none of them seem to be strictly in point.

In the case now before us, the reporter was a court appointed official reporter, upon the public payroll and working under the direct supervision of the court. Everyone agrees that counsel for appellant requested the preparation of the bill of exceptions several days in advance and the affidavit filed by Mrs. Evelyn Walters, the official reporter, stands uncontroverted in the record. Mrs. Walters, who is a highly efficient and respected member of the staff of Armstrong and Okey, the official reporters, says in simple terms that she was ill and immediately upon her return to work, got the bill of exceptions filed.

It has not been shown, nor is it claimed that counsel for appellant

failed to do anything he could do. We do not feel that justice will be served by sustaining the motion and it therefore will be overruled.

DUFFY, J, concurs.

## CONCURRING OPINION

By DUFFY, J.

Having reviewed the cases of The Cincinnati Traction Co. v. Ruthman, 85 Oh St 62; Pace v. Volk, 85 Oh St 413; Luff v. The State of Ohio, 112 Oh St 102; Tenesy v. City of Cleveland, 133 Oh St 251; Mayborn v. Continental Casualty Co. of Chicago et al, 165 Oh St 87, and Welfare Finance Corp. v. Estep, 170 Oh St 391, and realizing that the requirement as to filing of the bill of exceptions in the trial court has always been considered mandatory, whereas the provisions relating to the duties of the clerk and trial judge in regard to that bill of exceptions have been considered as directory only, it would seem that the only conclusion this court should come to is that regardless of who is at fault, that the litigant who is appealing should suffer if the bill of exceptions was not filed within the time provided by §2321.05 R. C. (former §11564 GC).

The courts have never considered a filing of the bill of exceptions in the trial court as a "step required to be taken subsequent to the perfecting of the appeal," as it was something to be done in the trial court rather than in the reviewing court. However, §2321.05 R. C., was amended, effective October 4, 1955, so that the law in regard to the filing of the so-called bill of exceptions now reads: "* * * and file them in the cause, not later than forty days after the perfecting of the appeal by the filing of the notice of appeal * * *."

The legislature made this change with the knowledge that they had previously enacted §2505.04 R. C., which reads: "An appeal is perfected when written notice of appeal is filed with the lower court, * * *. * * * After being perfected no appeal shall be dismissed without notice to the appellant, and no step required to be taken subsequent to the perfection of the appeal is jurisdictional."

While §2321.05 R. C., is still subject to the interpretation that requirements for filing are still mandatory upon the parties, we believe that it is also subject to the interpretation that when considered with §2505.04 R. C., it is not jurisdictional. If so, the reviewing court does have some discretion where good cause has been shown to prevent a party to the action suffering detriment by reason of an unforeseen illness, such as prevented the court reporter in this case from completing work required so that the bill of exceptions could be filed within the time specified in the section.

In a county where the lawyers have relied upon the duly appointed court reporters to file the bill of exceptions and where they have faithfully performed this task, surely someone should have the power to do justice in an unusual situation involving statutory court appointees. (Secs. 2301.18, 2301.19 R. C.)

In view of the Supreme Court's attitude as shown in the case of Welfare Finance Corp. v. Estep, supra, and to insure a review of the situation in view of the amendment to §2321.05 R. C., I concur in the overruling of the motion to dismiss the bill of exceptions.