STATE, ex rel. KEPPLER, Relators, v. HOUSTON, Judge.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25461. Decided April 13, 1961.

*Mr. David A. Thomas*, for relators.

*Mr. John T. Corrigan*, prosecuting attorney, *Mr. A. M. Braun*, assistant prosecuting attorney, and *Mr. John L. Dowling*, assistant prosecuting attorney, for respondent.

(Hunsicker, P. J., Doyle, J., of the Ninth District, and Griffith, J., of the Seventh District, sitting by designation in the Eighth District.)

GRIFFITH, J.  The relators brought this original action in mandamus in this Court to compel the Common Pleas Judge, John H. Houston, to correct a certain narrative Bill of Exceptions, if he finds it necessary, or to sign the same, if he approves its contents.

A lengthy trial had been had at which an official court reporter had taken down the proceedings.  The testimony was completed April 14, 1960.  The opinion of the trial judge was filed June 29, 1960.  A motion for a new trial was filed July 21, 1960, and the said motion was overruled on August 19, 1960.

Within the statutory time, the relators filed with the Clerk of the Common Pleas Court their narrative Bill of Exceptions and prayed that the trial court allow the same.  The trial court declined to sign the purported Bill of Exceptions for the reason that:

"The transcript of the testimony of the bill of exceptions after the lapse of several months from April to December, this court is unable to go beyond the transcript of the court reporter as made up in this matter and so will refuse the narrative form of transcript of the testimony.  An entry may be made accordingly."

The Court did not challenge the correctness of the bill, nor did it offer to correct the same, nor did the Court make any effort to settle the same merely stating:

"The lapse of several months rendered him unable to correct the narrative bill."

Section 2321.07, Revised Code, reads:

"The trial judge, upon the receipt of a bill of exceptions, shall indorse thereon the date it was received, and within five days thereafter correct it, if necessary, allow and sign such bill, and immediately transmit it to the office of the clerk of the court from whom it was received, with any amendment or objections thereto."

The purpose of this statute is to get a correct Bill of Exceptions, signed and allowed.  Ohio Jurisprudence (2d), Vol. 3, at page 429, Article 513, reads:

"The duty imposed upon the trial judge by statute to correct the bill of exceptions, if necessary, is mandatory.

"He cannot simply refuse to sign the bill if not correct as filed. He must correct it either from memory, notes, or otherwise. It is said by one court of appeals to be 'no longer tenable for a judge to refrain from signing a bill on the ground that it is not true, and thus deprive a person of the right which the constitution gives him to a review in a higher court.' A party cannot, however, by submitting a mere skeleton of a bill of exceptions, demand that a trial judge should practically prepare it by furnishing all omitted parts or necessary matters that should have been embodied in it.

"So, when the adverse party files an objection or amendment it is the duty of the judge to correct the bill. At least, it is his duty, if he cannot allow and sign it as filed, to suggest to counsel what correction should be made and to render him reasonable assistance and necessary time for such correction. It is said that the trial judge should co-operate with counsel to perfect a record that is a true record, in order that the law may be carefully found and exact justice administered.

"A complaining party has a right to have the record of just what took place at the trial submitted to a reviewing court, and that privilege should not be denied by a trial judge. However, the judge has the right to make such annotations on the bill of exceptions as in his judgment it requires."

Also Article 514 is applicable to our problem and reads as follows:

"In case the trial judge is unable to make the necessary corrections to a bill of exceptions from memory, it becomes his duty to refresh his memory from available information, including that which may be obtained from the stenographer who has shorthand notes of the testimony and other proceedings of the trial, even though such stenographer is not an official reporter appointed by the court, but was employed by the party previously in the action."

The Court of Appeals of this Eighth Appellate District, on page 506 of the case of *Telling Belle Vernon Co.* v. *Krenz*, 34 Ohio App., 499, had this to say:

"* * * inasmuch as it is the trial court itself that has the

exclusive right to say whether the bill of exceptions is correct or inaccurate, it follows that its truth or falsity lies with the trial court, and the trial court alone, and, if the trial court refuses to sign the true bill of exceptions, or to correct the same, mandamus will lie to compel it, but it will not lie to compel a court to sign, seal, and allow what it considers an incorrect bill of exceptions.''

In the case of *State, ex rel. Goodwin* v. *Blank, Judge*, 103 Ohio App., 305, the syllabus reads:

''It is the duty of a trial judge to allow a bill of exceptions when presented to him, from his own memory if possible; and, if not possible, such trial judge must make use of every available medium to secure the necessary information, including listening to a playback of a tape recorder, listening to a stenographer read from notes, or conferences with counsel in the case.''

The rule of law announced by our Supreme Court in the case of *Beebe, Judge*, v. *State, ex rel. Starr Piano Company*, 106 Ohio St., 75; 139 N. E., 156, is controlling in the disposition of our present problem. The syllabus reads:

''1. Statutes prescribing the method of the preparation and prosecutions of proceedings in error are remedial in character and should be liberally construed with a view to securing and safeguarding the right of a party to have an adverse judgment reviewed.

''2. It is the duty of the trial judge to allow and sign a bill of exceptions when duly presented, if the same be correct; it is likewise his duty to correct errors therein, and upon refusal so to do a writ of mandamus may issue.

''3. If the trial judge from memory or from memoranda in his possession cannot make such correction, it is his duty to refresh his memory from available information including that which may be obtained from the stenographer who has shorthand notes of the testimony and other proceedings of the trial, even though such stenographer was not an official reporter appointed by the court, but was employed therein by the party prevailing in the suit. Section 13410, General Code, has no application to such proceeding.''

Under the above referred to authorities and the plain wording of the statute, the writ of mandamus is allowed directing

the judge (not ordering or requiring such judge to allow and sign the bill of exceptions presented), to proceed to correct the same, if incorrect, and as corrected, to allow and sign it.

This writ is not issued for the purpose of requiring the court to do an impossible act but is for the purpose of requiring a reasonable effort on its part to correct and settle the Bill of Exceptions as submitted.

Writ allowed.

HUNSICKER, P. J., DOYLE, J., concur.