Everson, Appellant, *v.* Everson, Appellee.

[Cite as Everson v. Everson, 8 Ohio App. 2d 184.]

(No. 9982—Decided October 19, 1966.)

*Mr. Robert R. Lavercombe,* for appellant.
*Mr. Eugene Droder* and *Mr. Judson Hoy,* for appellee.

Hover, J. This is an appeal on questions of law from a judgment of the Court of Common Pleas, Division of Domestic Relations, entered by the court below on May 17, 1966, dismissing plaintiff-appellant's petition for a divorce and other

relief. The matter was considered in the court below on the petition of the present appellant for a divorce and other related relief, the answer and cross-petition and the amended answer of the defendant below, appellee here, together with a transcript and supplemental transcript of the docket entires, the original papers and other pertinent orders of the court in the case below.

After a hearing and the taking of evidence, the court, on May 17, 1966, rendered the judgment above dismissing both the plaintiff's petition and the defendant's answer and amended cross-petition. No notice for a new trial was filed by the appellant in the court below. Notice of appeal from the judgment itself, as stated above, was filed in this court in a timely manner.

Defendant previously filed in this court a motion to dismiss the appeal on the grounds that the motion for a new trial made in the court below by the defendant, rather than the plaintiff, was still pending there and was undisposed of, and that, accordingly, appellant's appeal to this court should be dismissed. This motion was overruled. The appellant is entitled to take his own appeal from the final order.

Thereafter, appellee filed an additional motion to dismiss the appeal for the reason that no bill of exceptions had been filed in connection therewith within the time provided by law, and that any errors complained of could not be determined without recourse to such a bill. It is to this second motion to dismiss the appeal that the court now addresses itself.

This matter is related to case No. 10006, an action for a writ of mandamus originally filed in this court, wherein the present appellant sought a writ of mandamus requiring the judge of the court below to journalize its oral pronouncement made at the conclusion of the trial in the case below, which directed the divorce and other relief prayed for by the appellant, at the conclusion of the trial on March 25, 1966, some six weeks prior to the court's final journalized dismissal. The facts alleged in the petition for the writ of mandamus were admitted to be true by the respondent judge during the course of this court's consideration of that action.

This court will take notice of those facts insofar as they are pertinent and necessary to a full consideration of the present motion to dismiss the appeal, for the reasons stated above. It

becomes apparent that a trial was had in the divorce action on March 25, 1966, at which time the trial judge announced an oral finding and decision granting a divorce to the relator, the present appellant, and providing in general terms for a division of property, alimony, child custody and child support, and dictated such finding and decision through his secretary into the trial proceedings. Neither party asked for at the trial, nor was there present, an official court reporter, as that term is used in the statute.

Pursuant to the orally announced judgment, both parties, shortly after the trial, presented in writing and delivered to the court a proposed judgment and decree embodying the terms of the court's oral pronouncement. There were no further proceedings in the matter until May 17, 1966, when the court, without notice to either party or counsel, put of record its own order dismissing the petitions of each party with prejudice.

The mandamus action herein referred to sought a writ requiring the judge of the court below to journalize his orginally pronounced oral judgment rather than the judgment rendered six weeks later, which dismissed both cases. This court denied the petition for a writ, and on September 9, 1966, dismissed that action.

Further reference will be made to the mandamus action below to the extent that the admitted facts therein are pertinent to a disposition of a present motion to dismiss.

Subsequent to the dismissal of both petitions in the court below, and in addition to the filing of his notice of appeal, appellant filed, on the same day the judgment was journalized, his motion for separate findings of fact and conclusions of law; and, on May 25, 1966, he filed in the court below an application for a written record of all hearings and of statements made by the court pertinent to the case. Certain other motions were filed in the court below by the appellee. Appellant's notice of appeal to this court was filed June 4, 1966, from the judgment of dismissal of May 17.

No action was taken in the court below concerning appellant's motion for findings of fact and conclusions of law or his motion for access to alleged records in the court's possession relative to the trial proceedings until July 11, 1966, at which time the court below entered an order stating that it was with-

out jurisdiction to consider any of the pending motions for the reason that an appeal had been filed in the case. This order was made without notice to either party or counsel two days before the expiration of appellant's statutory time to file a bill of exceptions, and it is appellant's failure to file a bill to which the appellee calls attention in her motion to dismiss this appeal.

Without considering the court's refusal to grant the various motions of the appellee in that court for a rehearing, to set aside the decree and enter the original judgment *nunc pro tunc*, and to vacate the judgment, the court, in its order of July 11 denying to the appellant his requested findings of fact and conclusions of law and his requested access to the court's notes and records, committed error prejudicial to appellant and effectively denied him the opportunity to perfect and file a bill of exceptions.

Appellant was obviously entitled to the findings of fact and conclusions of law. The motion was filed in a timely manner, and its denial ignores plain provisions of Section 2315.22, Revised Code, as amended in 1965, where it is stated:

"When the questions of fact are tried by the court, its findings may be general for the plaintiff or defendant, unless, one of the parties in writing requests otherwise before the journal entry of a final order, judgment, or decree has been approved by the court in writing and filed with the clerk of the court for journalization, or not later than ten days after the party filing the request learns of the court's announcement of its decision, whichever is later, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law."

That statute applies to divorce cases as well as to any other type of case tried before the court. See *McCrea* v. *McCrea*, 70 Ohio Law Abs. 158. The mandatory nature of the finding is not waived by the filing of an appeal. *State, ex rel. Kotch*, v. *DeGrab*, 168 Ohio St. 506.

The general rule in regard to the necessity of filing a bill of exceptions within the time period provided by statute is subject to but few exceptions. Where, however, the interest of justice clearly demands it, the court below has good and sufficient cause to extend such time. *Tims* v. *Holland Furnace Co.*, 152 Ohio St. 469, and *Bennett* v. *Wilson*, 112 Ohio App. 477.

The distinguishing feature between this case and many cases holding contrary is that, in the failure to file a timely bill of exceptions, the litigant and his counsel must be without fault and prevented from strict compliance with the statute because of circumstances beyond their control. In this instance, the appellant was lulled into a false sense of security by the delay of the court in failing to rule upon appellant's application for alleged information necessary to his bill of exceptions for a period of thirty-eight days.

In the opinion of this court this constitutes an abuse of discretion on the part of the court below and clearly prejudiced the rights of the appellant to perfect his appeal. This is particularly so since the amendment of Section 2321.05 of the Revised Code specifically gives to the court below authority to extend the time for filing.

In view of the facts developed during the trial of the mandamus action referred to above, and also in view of the court's entry of dismissal of May 17 reciting that the matter had been considered on "the evidence of the parties herein," the duty of the court is clearly set out in *State, ex rel. Goodwin,* v. *Blank, Judge,* 103 Ohio App. 305, as well as *Beebe, Judge,* v. *State, ex rel. Starr Piano Co.,* 106 Ohio St. 75, and *State, ex rel. Hartford Fire Insurance Co.,* v. *Weygandt, Judge,* 123 Ohio St. 7. The duty of the court to render all assistance within the purview of its recollection and pertinent records is clear, as is also Canon 22 of the Canons of Judicial Ethics.

Accordingly, the motion of the appellee to dismiss the appeal for failure of appellant to file a necessary bill of exceptions in this court is denied, and the cause is remanded to the Court of Common Pleas, Division of Domestic Relations, for the purpose of entering on the docket thereof the requested findings of fact and conclusions of law, and for the purpose of allowing a reasonable opportunity for appellant to prepare and file his bill of exceptions in that court, including, where pertinent, any stenographic record of testimony or other evidence received by the court at the trial of the cause; and a mandate will be issued to the court below to this effect.

*Judgment accordingly.*

HILDEBRANT, P. J., and LONG, J., concur.